# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHADWICK LESTER,

    Petitioner,

    v.

RICHARD MILLER, *Warden R.C.I.*, and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-16-0102

## MEMORANDUM OPINION

Petitioner Chadwick Lester, an inmate at Western Correctional Institution in Cumberland, Maryland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1999 convictions for robbery and related offenses. Respondents have filed a limited Answer in which they argue that the Petition should be dismissed as untimely. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Lester filed a Reply to explain why the Petition should not be dismissed as time-barred. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

Following a jury trial in the Circuit Court for Harford County, Maryland, Lester was convicted on January 29, 1999 of two counts of armed robbery, two counts of robbery, two counts of conspiracy to commit robbery, two counts of first degree assault, use of a handgun in

the commission of a crime of violence, and theft of property valued at more than $300. The court imposed a total sentence of 75 years of imprisonment, with 15 years suspended. Lester timely appealed to the Court of Special Appeals of Maryland and raised the following issues for review: (1) whether the trial court imposed an illegal sentence; (2) whether the trial court erred in admitting "other crimes" evidence; (3) whether the trial court erred in denying his motion to suppress an extrajudicial photographic identification; and (4) whether the trial court lacked jurisdiction because Lester was not served with a charging document. In its April 7, 2000 opinion, the Court of Special Appeals concluded that a portion of Lester's sentence was illegal, because "the trial court should have sentenced appellant on only one of his conspiracy convictions, not both of them." *Lester v. State*, No. 401, Sept. Term 1999, slip op. at 5 (Md. Ct. Spec. App. Apr. 7, 2000), ECF No. 7-2. The court therefore vacated the portion of Lester's sentence—a suspended term of 15 years of imprisonment—corresponding with the second count of conspiracy to commit robbery. The Court of Special Appeals otherwise affirmed Lester's convictions. After the mandate issued on September 19, 2000, Lester did not seek further direct review by the Court of Appeals of Maryland.

On April 13, 2009, Lester filed in the Circuit Court for Harford County a state petition for post-conviction relief ("State Petition"), in which he asserted ineffective assistance of counsel based on the allegation that his trial counsel failed to object to the introduction of other crimes evidence and to request a jury instruction. The court denied the State Petition on August 6, 2010. Lester did not seek appellate review of the denial.

According to Lester, on May 30, 2012, he filed a "State Writ of Habeas Corpus" in the Circuit Court for Harford County. That petition was denied. On August 26, 2014, Lester sought leave to appeal the denial of this state habeas action. That request was still pending as of the

2

filing of the instant § 2254 petition. On September 27, 2013, Lester filed in the same circuit court a Motion to Correct Illegal Sentence under Maryland Rule 4-345(a) in which he claimed that his sentences were illegal because he was not brought to trial within 120 days after he had filed a request, under the Maryland Intrastate Detainer Act ("IDA"), for "final disposition of the charges." *Lester v. State*, No. 0579, Sept. Term 2014, slip op. at 1 (Md. Ct. Spec. App. Feb. 5, 2015) (footnote omitted), ECF No. 7-3. The circuit court denied the motion. On February 5, 2015, the Court of Special Appeals affirmed.

Lester filed the instant Petition on December 31, 2015. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). As his sole ground for relief, Lester argues that "[t]he State violated the Petitioner's Constitutional right to Due Process when the circuit court granted the State's June 23, 1998 postponement request in violation of the mandatory provisions of the Intrastate Detainer Act" such that the court lacked "jurisdiction to convict and sentence the Petitioner." Pet. at 6, ECF No. 1.

## DISCUSSION

In their limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period of 28 U.S.C. § 2244(d). In particular, Respondents highlight that, after Lester's conviction became final upon the conclusion of direct review, there were no state post-conviction or other collateral review proceedings pending in Lester's case between: (1) October 4, 2000 and April 13, 2009 (over 8 years); (2) September 7, 2010 and September 27, 2013 (over three years); and (3) March 9, 2015 and December 31, 2015 (over nine months). Some of these periods individually, and all of them collectively, exceed one year. Lester acknowledged that his Petition is untimely but asserted that

it should be considered because "at no time prior to the Petitioner's conviction becoming final was the Petitioner aware that the listed Constitutional violation existed" and because:

> (1) refusal by the State court to strike out an illegal sentence is appealable to the Court of Special Appeals of Md. and to the Court of Appeals of Md.; (2) Md. Ann. Code, Rule 4-345(a)—Illegal Sentence—creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court; (3) the Petitioner is serving an illegal sentence; (4) the State court lacked jurisdiction to convict and sentence the Petitioner; and (5) it is more likely than not that no reasonable juror would have convicted the Petitioner.

Pet. at 5-6. In his Reply, Lester reiterated that the Petition should not be dismissed as time-barred because the state court "lacked subject matter jurisdiction" to sentence him, made "findings [that] were clearly erroneous," and "imposed . . . a sentence that is not permitted by law." Reply at 2, ECF No. 10.

## I.     Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. § 2244(d)(2).

## II.    Timeliness

Lester's Petition is time-barred. In his case, because the Court of Special Appeals issued the mandate on its affirmance of Lester's convictions on September 19, 2000, the one-year limitations period began running on October 4, 2000, when Lester's conviction became final upon the expiration of the time period for filing a petition for a writ of certiorari to the Court of Appeals of Maryland. *See* Md. Rule 8-302(a). Because Lester did not file his first state petition for post-conviction relief until April 13, 2009, the limitations period ran uninterrupted until it expired on October 4, 2001. 28 U.S.C. 2244(d). Lester fails to suggest, and the Court can identify no basis for finding, that any of the later dates for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(1)(B)-(D), are applicable to his Petition.

Where the limitations expired in 2001, Lester's arguments that the limitations period was tolled by his state petition for post-conviction relief, filed in 2009, or by his Motion to Correct Illegal Sentence, filed in 2013, necessarily fail. The one-year limitations period of § 2244(d)(1) had long expired by the time Lester filed any state post-conviction proceedings. Statutory tolling under § 2244(d)(2) cannot apply where there is no time remaining in the limitations period to be tolled. As for the Motion to Correct Illegal Sentence, Lester's claim that such a motion "creates a limited exception to the general rule of finality" is incorrect. Pet. at 6. For purposes of a determining the timeliness of a § 2254 petition, a conviction is deemed final upon the conclusion of direct review of the criminal judgment, which here occurred approximately 13 years before

the Motion to Correct Illegal Sentence was filed. 28 U.S.C. § 2244(d)(1)(A). Thus, the Petition is time-barred.

## III.    Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondent that prevented the petitioner from filing on time, or that there were "extraordinary circumstances," beyond the petitioner's control or external to the petitioner's own conduct, that prevented timely filing of a petition. *Harris,* 209 F.3d at 330; *Rose v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F.3d at 330. Unfamiliarity with the law is not a basis for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Here, the Court finds no basis for equitable tolling of the limitations period. Lester's assertion that before 2014 he was unaware of the alleged constitutional violation arising from the Intrastate Detainer Act is merely a claim that he was ignorant of the relevant law, which is not basis for equitable tolling. *Sosa,* 364 F.3d at 512. None of his other grounds for equitable relief establish either wrongful conduct by Respondents or extraordinary circumstances external to his control that would warrant equitable tolling. *See Harris,* 209 F.3d at 330.

**IV.     Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).   When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Because Lester fails to satisfy this standard, the Court declines to issue a Certificate of Appealability.   Lester may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a certificate of appealability.  A separate Order shall issue.


Date:   July 3, 2018


THEODORE D. CHUANG
United States District Judge